UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GLITTERWRAP, INC.,                           :

    Plaintiff,                                   :         07-CIV-7992
v.
                                                           :         **ANSWER**

NYGALA CORP.,
SHENNY ENTERPRISES, INC. and John   :
Does Nos. 1-50,

    Defendants.                                  :

------------------------------------------------------------ x

    Defendants Nygala Corp., and Shenny Enterprises, Inc., by its attorneys, Rosenfeld & Kaplan, L.L.P., for their answer to the Complaint, state, as follows:

### PARTIES

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Deny the allegations contained in paragraph 3.

4. Deny the allegations contained in paragraph 4.

5. Deny the allegations contained in paragraph 5.

6. Paragraph 6 calls for a legal conclusion as to which no response is warranted.

7. Admit the allegations contained in paragraph 7.

8. As to paragraph 8, admit that plaintiff claims that John Does 1-50 are defendants' retail customers which plaintiff claims it will add as additional defendants once identified.

## JURISDICTION AND VENUE

9. Deny the allegations contained in paragraph 9, except admit that plaintiff purports to bring this action pursuant to the copyright laws of the United States and, in particular, 17 U.S.C. §101 et. seq.

10. Deny the allegations contained in paragraph 10, except admit that plaintiff purports to bring this action pursuant to 17 U.S.C. §502 and §504.

11. Deny the allegations contained in paragraph 11, except admit that jurisdiction over the defendants is alleged to arise pursuant to 28 U.S.C. §1338.

12. Deny the allegations contained in paragraph 12, except admit that plaintiff purports to assert jurisdiction over defendants pursuant to §302 of the C.P.L.R..

13. Deny the allegations contained in paragraph 13, except admit that plaintiff alleged that has venue is proper in this District pursuant to 28 U.S.C. §1391.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and respectfully refer the Court to Exhibit 1 for its content.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. Deny the allegations contained in paragraph 18, and respectfully refer the Court to Exhibit 2 for its content.

19. Deny the allegations contained in paragraph 19, and respectfully refer the Court to Exhibit 3 for its content.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21. Deny the allegations contained in paragraph 21.

22. Deny the allegations contained in paragraph 22.

23. Deny the allegations contained in paragraph 23, and respectfully refer the Court to Exhibit 4 for its content.

24. Deny the allegations contained in paragraph 24, and respectfully refer the Court to Exhibit 5 for its content.

25. Deny the allegations contained in paragraph 25.

26. Deny the allegations contained in paragraph 26, and respectfully refer the Court to Exhibit 6 for its content.

## FIRST CLAIM FOR RELIEF

27. Defendants repeat and reallege their responses to paragraphs 1 through 26 inclusive, as if fully set forth herein.

28. Deny the allegations contained in paragraph 28.

29. Deny the allegations contained in paragraph 29.

30. Deny the allegations contained in paragraph 30.

31. Deny the allegations contained in paragraph 31.

32. Deny the allegations contained in paragraph 32.

33. Deny the allegations contained in paragraph 33.

## SECOND CLAIM FOR RELIEF

34. Defendants repeat and reallege their responses to paragraphs 1 through 33 inclusive, as if fully set forth herein.

35. Deny the allegations contained in paragraph 35.

36. Deny the allegations contained in paragraph 36.

37. Deny the allegations contained in paragraph 37.

38. Deny the allegations contained in paragraph 38.

39. Deny the allegations contained in paragraph 39.

40. Deny the allegations contained in paragraph 40.

## FIRST AFFIRMATIVE DEFENSE

41. The Complaint fails in whole or in part to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

42. Plaintiff's copyright claims fail because plaintiff did not create or author the purported copyrighted designs that are the basis for the copyright claims.

## THIRD AFFIRMATIVE DEFENSE

43. Plaintiff's copyright claims fail because plaintiff's purported copyrighted designs lack the originality required for copyright protection and do not constitute copyrightable subject matter.

### FOURTH AFFIRMATIVE DEFENSE

44. Defendants deny that they infringed plaintiff's copyrights. However, pleading in the alternative, in the event that it is determined that defendants did infringe a valid copyright, defendants assert that they were not aware and had no reason to believe their acts constituted copyright infringement and that any award of statutory damages should be limited by application of the innocent infringer defense as set forth in 17 U.S.C. § 504(c)(2).

### FIFTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred in whole in or part by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

The claims alleged in the complaint are barred in whole or in part by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

If it is ultimately determined that plaintiff suffered damages as alleged in the Complaint, such injuries or damages were due to the acts of parties which defendants were not obligated to control or supervise, and were not the direct or proximate results of any acts or omissions of defendants.

### EIGHTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred in whole or in part by the doctrine of estoppel.

### NINTH AFFIRMATIVE DEFENSE

If it is ultimately found that plaintiff suffered injury or damages as alleged in the

Complaint, defendants failed to take reasonable steps to avoid injury or to mitigate any damages allegedly suffered as a result of any acts or omissions of defendants.

### TENTH AFFIRMATIVE DEFENSE

Because plaintiff did not register some or all of its purported copyright designs with the Copyright Office, plaintiff's remedies are limited by application of 17 U.S.C.§ 412.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff claims are barred in whole or in part by the doctrines of laches and/or waiver.

**WHEREFORE**, defendants Shenny Enterprises, Inc. and Nygala Corp. request the following relief:

(A) That the claims asserted in the Complaint be dismissed with prejudice;

(B) That defendants be awarded their attorneys fees and costs; and

(C) For such other and further relief as is just and proper.

Dated: New York, New York
October 31, 2007

ROSENFELD & KAPLAN, LLP

_____
Tab K. Rosenfeld (TR-9212)
Robert M. Klingon (RK-0574)
535 Fifth Avenue- Suite 1006
New York, New York 10017
Tel (212) 682-1400
Fax (212) 682-1100

Attorneys for Defendants