UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GLITTERWRAP, INC.
      Plaintiff,

v.

NYGALA CORP.,
SHENNY ENTERPRISES, INC., and John
Does Nos. 1-50

      Defendants.
------------------------------------------------------------X

Civil Action No. 07-CV-7992

**AFFIRMATION OF
ROBERT M. HAROUN
IN SUPPORT OF
MOTION FOR
CONTEMPT**

ROBERT M. HAROUN, an attorney duly admitted to the practice of law in the United States District Court for the Southern District of New York, affirms under penalty of perjury as follows:

1. I am a partner of Sofer & Haroun, LLP, located at 317 Madison Avenue, Suite 910, New York, New York, 10017.

2. I am counsel to Plaintiff Glitterwrap, Inc. (hereinafter referred to as "Glitterwrap" or "Plaintiff") in the above-captioned civil action. On behalf of Plaintiff, I respectfully move this Court to issue an Order pursuant to F.R.C.P. Rules 16(f) and 37 finding Defendants Nygala Corp. and Shenny Enterprises, Inc. in contempt of this Court for failing to comply with the Court's Order of March 17, 2008 in this action, and imposing sanctions against Defendants, under Rules 16(f) and 37 of the Federal Rules of Civil Procedure, applicable Local Rules, and the court's inherent power, in the form of:

    a. An Order striking Defendants' Answer and Affirmative Defenses, pursuant to Rule 37(b)(2)(C); and

    b. An Order that Defendants pay Plaintiff's reasonable attorneys' fees and costs, pursuant to Rule 16(f).

3. Plaintiff now brings a Motion for Contempt against Defendants Nygala Corp. and Shenny Enterprises, Inc. (hereinafter referred to individually or collectively as "Defendants"), seeking relief for Defendants' contempt of this Court by their violation of the Court's Order of March 17, 2008, and their failure to cooperate on discovery in this matter.

4. Based upon Defendants' blatant infringement of Plaintiff's copyrights, Plaintiff's have been attempting, since July 2007, to obtain Defendants' import and sales information, in order to determine Plaintiff's wrongful profits and put an end to the matter.

5. Defendants' repeated promises to provide their relevant import and sales documents to Plaintiff informally have not been fulfilled.

6. Defendants have frustrated Plaintiff's attempt to obtain Defendants' sales and import documents through discovery.

7. Plaintiff appealed to the Court for assistance, and the Court Ordered that by March 31, 2008, Defendants provide Plaintiff with the requested import documents, and that the parties agree on a procedure for the production of Defendants' sales invoices. A copy of the Order is annexed hereto as Exhibit 1.

8. Plaintiff attempted in good faith to communicate with Defendants to obtain their compliance with the Order. For example, on March 20, 2008, Plaintiff sent a letter to Defendants reminding them of the March 31 deadline. A copy of the March 20 letter is annexed hereto as Exhibit 2. On March 26, having not heard back from Defendants regarding compliance with the Court's Order, Plaintiff sent another letter to Defendants, to discuss a procedure for production of Defendants' sales invoices, and to remind

Defendants of their obligations. A copy of the March 26 letter is annexed hereto as Exhibit 3.

9. On or about Thursday March 27, 2008, the undersigned spoke with Defendants' counsel's office once again and was advised that Mr. Klingon, counselor for Defendants, was out of the office with the flu.

10. On March 31, 2008, Mr. Klingon called and left a message with my office.

11. On Tuesday, April 1, the undersigned called Robert Klingon, Esq., counselor for Defendants, regarding the documents. Mr. Klingon promised that Defendants would deliver Defendants' import documents to our office by later in the day, or by Wednesday, April 2 at the latest. Mr. Klingon did not yet have a proposal for production of Defendants' sales documents.

12. Though Defendants' import documents were due by Court Order on March 31, 2008 as of noon on Thursday, April 3, Plaintiff still has not received any document production from Defendants.

13. Plaintiff has been struggling for over eight and a half months to obtain evidence of Defendants' profits on its infringing products, and has exhausted its options in seeking such evidence. The Court has already compelled Defendants to provide the documents in question to Plaintiff, but Defendants have ignored the Court's Order.

14. Therefore, Plaintiff requests that this Court find the Defendants in contempt of the March 17 Order, and that this Court impose sanctions on Defendants by striking Defendants' Answer and Affirmative Defenses, and awarding Plaintiff its reasonable attorneys' fees and costs.

15. Having already sought and obtained an Order compelling Defendants to produce Defendants' documents of Defendants' profits on the infringing items in this matter and commercial invoices identifying the amount of infringing products imported, and such Order having been ignored, Plaintiff has exhausted its options in obtaining Defendants' profit information, and now seeks an Order that Defendants' Answer and Affirmative Defenses be stricken by the Court, under FRCP Rule 37(b)(2)(C).

16. For the foregoing reasons, the Court should find the Defendants in contempt of the March 17, 2008 Order, and impose sanctions on Defendants by striking Defendants' Answer and Affirmative Defenses, awarding Plaintiff its reasonable attorneys' fees and costs, and granting Plaintiff any other and further relief as may be just and proper.

17. A proposed Order from the Court is included herewith.

Dated: New York, NY
April 3, 2008

Robert M. Haroun, Esq.

Sofer & Haroun, LLP
*Attorneys for Plaintiff*
317 Madison Avenue, Suite 910
New York, NY 10017
Tel: 212-697-2800
Fax: 212-697-3004
E-mail: rharoun2000@yahoo.com