UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GLITTERWRAP, INC.  :
      Plaintiff,  :
                                             :        Civil Action No. 07-CV-7992
    v.  :
                                             :        **DECLARATION OF**
NYGALA CORP.,  :        **ROBERT M. HAROUN IN**
SHENNY ENTERPRISES, INC., and John  :        **SUPPORT OF PLAINTIFF'S**
Does Nos. 1-50  :        **MOTION TO COMPEL**
                                             :        **DISCLOSURES AND FOR**
      Defendants.  :        **SANCTIONS**
-------------------------------------------------------X

I, Robert M. Haroun, declare the following to be true to the best of my knowledge and belief, under penalty of perjury, under the laws of the United States:

    1.     I am counsel for the Plaintiff, Glitterwrap, Inc. ("Glitterwrap").

    2.     The above-captioned action is a case of copyright infringement, in which Plaintiff's original designs were infringed by Defendants Nygala Corp. and Shenny Enterprises, Inc. ("Defendants").

    3.     Defendants imported and sold tissue paper products (the "Accused Products") bearing designs that are substantially similar to Plaintiff's original designs under registered copyrights.

    4.     Upon information and belief, Defendants' designs were copied from Plaintiff's original designs.

5. On or about July 9, 2007, Glitterwrap, by and through its attorneys, Sofer & Haroun, LLP, informed Defendants by a cease and desist letter of its infringement of Glitterwrap's Designs in an effort to resolve this dispute.

6. Defendants responded with a phone call, and with a chart purporting to show certain imports of the Accused Products, and a promise that Defendants had stopped importing the Accused Products.

7. On September 17, 2007, in hopes of settling the matter, Plaintiff requested from Defendants' counsel certain documents to confirm Defendants' purchases and sales of the Accused Products, including bills of lading and import documents.

8. Defendants never responded to Plaintiff's September 17 letter.

9. Plaintiff served a Complaint on Defendants on October 10, 2007.

10. In November 2007, I spoke with Tab Rosenfeld, Esq., counsel for Defendants, over the phone, and he promised to deliver the Defendants' sales and import documents to help us establish Defendants' net profits.

11. As of January 2007, Plaintiff had not received from Defendants any of the documents promised by the Defendants.

12. Plaintiff sought to initiate discovery by holding a Rule 26(f) conference with Defendants.

13. On January 23, Plaintiff's counsel made two phone calls to counsel for Defendants to request a Rule 26(f) conference, and left messages with the receptionist, who promised that Mr. Rosenfeld would call back. Mr. Rosenfeld did not return these calls.

14. On January 28, Plaintiff's counsel made another phone call to counsel for Defendants to request a Rule 26(f) conference, and spoke with the receptionist, who promised

2

that Mr. Rosenfeld would call back later that day. Mr. Rosenfeld did not return this phone call either.

15.　　On February 6, Plaintiff sent a letter to Defendants requesting the long sought after sales and import documents, and requesting a Rule 26(f) conference over the phone on February 11 at 11:00am.

16.　　In the mid-afternoon of February 6, Mr. Rosenfeld called Plaintiff's counsel and promised to deliver the sales and import documents by the following week (the documents were not delivered by the following week). Plaintiff's counsel again requested a Rule 26(f) conference on February 11, but Mr. Rosenfeld refused, saying that the conference was unnecessary and that the case had to settle.

17.　　On February 6 around 4:00pm, Plaintiff's counsel called Mr. Rosenfeld again, and insisted on meeting for a Rule 26(f) conference. Mr. Rosenfeld said that he would "think about it."

18.　　On February 6, Plaintiff sent a letter to Defendants confirming that the Defendants promised to deliver their sales and import documents by the following week, and confirming the proposed Rule 26(f) conference over the phone on February 11 at 11:00.

19.　　On February 11 at 11:00 am, Plaintiff's counsel called Mr. Rosenfeld to have a Rule 26(f) conference over the phone, but Mr. Rosenfeld's secretary said that he is "unavailable."

20.　　On February 11, Plaintiff sent a letter to Judge Jones (copy sent to Defendants' counsel) requesting the Court's assistance in commencing discovery, since Defendants refused to meet for a Rule 26(f) conference.

21.　　On Monday, February 11, Mr. Rosenfeld, who did not have time for a 15 – 30 minute Rule 26(f) conference, prepared and sent a one page letter to the Court and a one and a

3

half page letter to Plaintiff. In the letters, Mr. Rosenfeld said that he would be on vacation the following week (Feb. 17-23) and that therefore he would not be available to meet for a Rule 26(f) conference until two week hence (though not mentioning his availability to meet on February 12, 13, 14, or 15th). Mr. Rosenfeld's letters also referred to Defendants' "willingness to provide plaintiff with sales records," though such records had not been provided at the time.[1]

22. On February 12, Plaintiff sent another letter to Judge Jones (copy sent to Defendants' counsel) regarding the inconsistencies in Defendants' representations in the discovery matter, and requesting the Plaintiff be permitted to serve its discovery requests.

23. On February 26, Plaintiff sent another letter to Judge Jones (copy sent to Defendants) requesting that Plaintiff be permitted to serve its discovery requests.

24. On February 27, Plaintiff sent a letter to Judge Francis to provide information on the pending discovery dispute and Defendants' refusal to allow discovery to commence.

25. On February 27, Robert Klingon, Esq., counsel for Defendants, wrote to Judge Francis stating that Defendants had offered to provide documents to settle the matter informally. Those documents had still not been provided, and nothing resembling those documents were provided before April.

26. On February 28, Plaintiff sent another letter to Judge Francis describing Plaintiff's fruitless attempts to settle the matter informally with Defendants, and Defendants' failure to cooperate on settlement and discovery.

27. On March 3, Plaintiff sent another letter to Defendants requesting a Rule 26(f) conference on any of March 4, March 5, or March 6.

---

[1] As of the filing of this motion, Defendants still have not provided Plaintiff with its sales records, except for a set of unlabeled charts purporting to list certain sales. These chart was provided on April 4, 2008.

4

28. On March 5, Plaintiff's counsel called Mr. Klingon and confirmed an initial conference to be held before the Court on March 17. Mr. Klingon said that Mr. Rosenfeld would call back later that day regarding the Rule 26(f) conference. Plaintiff wrote a letter to Defendants confirming the conversation. Mr. Rosenfeld did not call back that day.

29. Late in the afternoon of March 6, the last of the days on which Plaintiff proposed a Rule 26(f) conference, Defendants' counsel called and proposed holding the Rule 26(f) conference on March 12.

30. On March 12, 2008, counsel for Plaintiff and Defendants held an FRCP Rule 26(f) conference over the phone.

31. On March 12, 2008, after the FRCP Rule 26(f) conference, Plaintiff served its:

   A. Rule 26(a)(1) Initial Disclosures,

   B. First Set of Interrogatories (attached hereto as Exhibit A),

   C. Requests For Admissions (attached hereto as Exhibit B),

   D. First Set of Requests For Documents and Tangible Things (attached hereto as Exhibit C), and

   E. Notices of Deposition (attached hereto as Exhibit D).

32. On March 17, the parties met for the initial conference before the Court. At the conference, the parties discussed Plaintiff's pending discovery requests, and specifically, the long sought after sales and import documents of Defendants. The Court Ordered that the Defendants produce its import documents by March 31, 2008, and that the parties agree on a plan for production of Defendants' sales documents by March 31, or else inform the Court of a dispute. A copy of the Court's Order is attached hereto as Exhibit E.

33. As of the close of business on March 31, Defendants did not produce any of its import documents or propose a plan for production of its sales documents. Plaintiff had proposed that Defendants produce all of Defendants' sales documents.

34. On April 1, Mr. Klingon called Plaintiff's counsel and said that he had the flu over the weekend, and that he would provide the import documents by "later in the afternoon."

35. As of noon on April 3, Defendants still had not provided any of its sales or import documents.

36. On April 3, Plaintiff filed a Motion for Contempt and Sanctions in this Court. Within two hours of Plaintiff's filing of the motion on ECF, Defendants sent a set of purported import documents to Plaintiff.

37. On April 4, Defendants provided Plaintiff with an additional import document and certain unlabeled charts that Defendants have claimed list Defendants' relevant sales of the Accused Products.

38. Defendants' purported import documents show imports of 131,136 units of the Accused Products.

39. Defendants' purported sales figures show 93,912 units sold which shows a shortfall of 30%.

40. As of the filing of the present Motion, Defendants have not provided to Plaintiff any of Defendants' sales invoices or other sales documents kept in the ordinary course of business.

41. Even though a response was due on April 9, as of the close of business on April 9, Defendants had not filed a response to Plaintiff's Motion for Contempt and Sanctions.

42. On April 10, Plaintiff's counsel spoke with Mr. Klingon over the phone and agreed to hold Plaintiff's Motion for Contempt in Sanctions in abeyance, temporarily, while

Defendants provided further information on Defendants' imports. The parties agreed that, upon notice from Plaintiff, Defendants would be required to file a Response to Plaintiff's Motion within four business days, and that Plaintiff would then have four business days to serve a Reply to Defendants' Response.

43.     Defendants faxed to Plaintiff's counsel images of two packaged items having the same item number as some of the Accused Products, but with different designs. Specifically, the two new items appear to display "party favors" and "balloons."

44.     As of the April 11 deadline for its discovery responses, Defendants did not serve any responses to Plaintiff's interrogatories, document requests, or requests for admissions, and Defendants did not serve Rule 26(a)(1) initial disclosures.

45.     On April 16, several days after the deadline to respond to Plaintiff's discovery requests, Mr. Klingon called Plaintiff's counsel to request a two-week extension for Defendants' time to respond. Plaintiff refused any such extensions, as Defendants were already in default.

46.     In seeking a good faith resolution of this matter at minimal legal cost to the parties, Plaintiff proposed a settlement based upon the sales of 131,136 units of Accused Products, that would include also the sales by Defendants' customers of the Accused Products, such a settlement eliminating the need for further discovery. Defendants refused Plaintiff's offer to discuss such a settlement. As of the time of the filing of the present motion, Defendants have still made no settlement offer to Plaintiff.

47.     As of the time of filing of this motion, Defendants have not served any responses to Plaintiff's interrogatories, document requests, or requests for admissions, and Defendants have not served Rule 26(a)(1) initial disclosures.

48.   As per Plaintiff's Notice of Depositions, served on March 12, 2008, Plaintiff's depositions are scheduled for May 5 and May 7, less than two weeks away from the filing of the motion papers for the present Motion.

Dated: New York, NY
April 23, 2008

_____
Robert M. Haroun

Sofer & Haroun, LLP
*Attorneys for Plaintiff*
317 Madison Avenue, Suite 910
New York, NY 10017
Tel: 212-697-2800
E-mail: rharoun2000@yahoo.com