# Exhibit A

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
GLITTERWRAP, INC.                              :     Civ. No. 07 CV 7992
                                               :
            Plaintiff,                         :     PLAINTIFF'S FIRST SET
                                               :     OF INTEROGATORIES
    v.                                         :
                                               :
NYGALA CORP.,                                  :     Judge Barbara S. Jones
SHENNY ENTERPRISES, INC., and John             :
Does Nos. 1-50                                 :
                                               :
            Defendants.                        :
------------------------------------------------------X
```

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the applicable local rules of this judicial district, Plaintiff Glitterwrap, Inc. ("Glitterwrap" or "Plaintiff" or "Proponent"), by and through its attorneys, Sofer & Haroun, LLP, hereby propounds the below interrogatories ("Interrogatories") to each Defendant in this matter ("Defendant" or "Respondent").

The Interrogatories are to be answered under oath, separately in writing, according to the below instructions and definitions, and delivered to the undersigned attorneys, within thirty (30) days of service of service hereof.

## INSTRUCTIONS

The Federal Rules require that Respondent answer each interrogatory and every one of its individual sub-parts separately. If any objection is made to answering any portion as instructed, Respondent are required to supply answers to such interrogatory and any sub-parts thereof to the extent no objection is specifically taken to it. If an interrogatory cannot be answered completely, Responded must answer it to the greatest

extent possible. In the case of an objection to an interrogatory, Respondent is required to clearly set forth your reasons for such objection by supplying the details.

Whenever an interrogatory may be answered by referring to a document, the document may be provided with appropriate identifying bates numbers and referred to and described in the response.

If an interrogatory is not responded to because Respondent is claiming a privilege, Respondent should set forth the exact privilege and the facts supporting such privilege. In the case of any documents or tangible things being withheld by Respondent based upon a privilege, Respondent must keep a log of each such document or thing including:

    i.    a brief description of the nature and subject matter;

    ii.    the date the document or tangible thing was generated or provided; and

    iii.    the name and title of the individual(s) who generated or provided the document or thing.

Respondent is required under Rule 26(e) FRCP to supplement answers to the Interrogatories when more information becomes available, and it is required that such supplementation be provided within ten (10) days after such additional information is acquired by Respondent.

## GENERAL DEFINITIONS

The following definitions apply to Proponent's interrogatories to supplement and expand upon applicable definitions as may be provided by federal and local rules.

    (1)    **Accused Products**. The term "Accused Products" shall mean the following of Defendants' products:

      a. NH-TSBB01L Birthday Blocks (See Exhibit 4 to the Complaint)
      b. NH-TSBB01 Birthday Blocks (See Exhibit 4 to the Complaint)
      c. NH-TSBB01 Pastel Streamers (See Exhibit 5 to the Complaint)
      d. NH-TSBB01

(2) **Action**. The term "Action" shall mean Civil Action No. 07 CV 7992 pending in the United States District Court for the Southern District of New York.

(3) **Communication**. The term "communication" means the transmittal of information.

(4) **Document**. The term "document" is defined to be synonymous in meaning and maximum in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, including but not limited to writings, information on data electronically or photographically stored, computerized data, photographs, drawings, blueprints, tabulations, graphic representations, pictures, and computer files whether on hard drives, floppy drives, tape drives, CD-ROM, DVD-ROM, flash drives, or any other storage mechanism or medium.

(5) **Person**. The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

(6) **Identify**. The term "identify, when used in connection with an individual and/or an entity, means to state, in connection with the individual and/or entity:

    a. The full name;
    b. The last known primary address;
    c. The New York State address, if any.
    d. The telephone number and fax number;
    e. If an entity, the names of the principal owners, partners, members, directors, and/or shareholders.
    f. If an entity, state the exact business it engages in.
    g. The relationship with Nygala Corp.
    h. The relationship with Shenny Enterprises, Inc.

When used in connection with documents, "identify" means to provide to Proponent's counsel a copy of each document with a unique identifying number (i.e. Bates number) on each page, and to state:
    a. The date of the document;
    b. The document's identifying numbers (i.e. Bates numbers);
    c. The form of the document (e.g. e-mail, agreement, note, etc.);
    d. The names of the persons who drafted the document;

  e. The names of the persons and/or entities who signed the document;
  f. The names of the recipients of the document.

(7) **Parties**. "Glitterwrap" shall mean Plaintiff Glitterwrap, Inc. "Nygala" shall mean Defendant Nygala Corp. "Shenny" shall mean Defendant Shenny Enterprises, Inc.

## INTERROGATORIES

1. Identify the following entities and/or persons:
   a. Flomo USA
   b. Flomo Plastics Industrial Co. Ltd.
   c. Flomo World, Inc.
   d. Shenny California, Inc.

2. Identify the persons most knowledgeable about the sales and marketing of the Accused Products.

3. Identify each of Defendants' sales agents, sales representatives, purchasing agents, and other agents who offered for sale, took, placed, and/or received orders for any Accused Products since September 8, 2002.

4. Identify all catalogs, brochures or sales material that Defendants' have used to solicit sales of the Accused Products.

5. State the date or the closest approximation possible thereof when each of Nygala and Shenny first became aware of Glitterwrap's products shown in Exhibits 1, 2, and 3 attached to the Complaint.

6. State the total gross sales of the Accused Products.

7. State the source of each Accused Product, including names of all factories and manufacturers used to manufacture the Accused Products.

8. State the names of all importers, customs brokers, freight forwarders, and shipping companies used to import Accused Products into the United States.

9. Identify each person to appear as a witness at any hearing or trial of this Action, and describe the subject matter each such witness will testify to.

10. Identify all persons and documents that support Defendants' contention that "plaintiff did not create or author the purported copyrighted designs that are the basis for the copyright claims," as stated in Defendants' Second Affirmative Defense.

11. State all facts that Defendants are relying upon in this action as bases for their Affirmative Defenses.

12. Identify each of Plaintiff's claims that Defendants contend have a "clear facial defect," as stated in Mr. Klingon's letter of February 27, 2008 to Judge Francis, and describe what Defendants contend the defect is.

Dated: New York, NY
       March 12, 2008

GLITTERWRAP, INC.

By: _____
Robert M. Haroun, Esq.
Joseph Sofer, Esq.
Sofer & Haroun, LLP
*Attorneys for Plaintiff*
*Glitterwrap, Inc.*
317 Madison Avenue, Suite 910
New York, NY 10017
Tel: 212-697-2800

To:

Tab Rosenfeld, Esq.
Robert M. Klingon, Esq.
Rosenfeld & Kaplan, LLP
*Attorneys for Defendants Nygala Corp.*
*and Shenny Enterprises, Inc.*
535 Fifth Avenue, Suite 1006
New York, New York 10017
Tel: 212-683-1400

5