UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
GLITTERWRAP, INC.
        Plaintiff,

    v.

NYGALA CORP.,
SHENNY ENTERPRISES, INC., and John
Does Nos. 1-50

        Defendants.
---------------------------------------------------------X

ORAL ARGUMENTS
REQUESTED

Civil Action No. 07-CV-7992

**MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL
AND FOR SANCTIONS**

      Pursuant to Federal Rules of Civil Procedure Rule 26 and 36, Plaintiff Glitterwrap, Inc. (hereinafter "Plaintiff" or "Glitterwrap") respectfully submits this Memorandum of Law in Support of Plaintiff's Motion to Compel and For Sanctions.

**INTRODUCTION**

      Like many companies based in the Far East, Defendants have engaged in the popular practice of importing knock-offs to compete with the original designer's own products. The original designer in this case is the Plaintiff, Glitterwrap, Inc. Companies like the Plaintiff bear the burden of investing in design departments, paying artists' their livelihood, and of paying to test new designs in the marketplace. And, every now and then, a competitor decides to see what products are successful in the marketplace, and then appropriates the designs for themselves, thus saving the expense of design and market testing, and thereby having the ability to undercut the original designer's prices in direct competition.

      In the present case, Glitterwrap created original designs for tissue wrap, entitled "Birthday Blocks" and "Pastel Streamers," and the Defendants imported counterfeit versions of

the same products to sell in the United States. When the Plaintiff caught them in the summer of 2007, the Defendants, tried to convince Plaintiff not to pursue the matter. The Plaintiff requested documents to confirm the scope of Defendants infringing activities, and the Defendants stopped responding to Plaintiff completely. Since the Defendants dodged Plaintiff's attempts to obtain information, Plaintiff served the Complaint in October 2007

Fast forward eight months since Plaintiff notified Defendants of its claims, and Plaintiff served discovery requests in March, but the thirty day deadline to respond came and went, and Defendants still did not respond to the interrogatories, the document requests, or the requests for admissions. Defendants did not even provide the initial disclosures required by F.R.C.P. Rules 26(a)(1). Whenever confronted, Defendants insisted that the matter must settle, and that there's no need to provide documents. The fact that Defendants have not even proposed a settlement has proven to Plaintiff that the matter will likely not be resolved without a judgment by the Court.

With depositions scheduled in early May and discovery ending in June, Defendants' stalling tactics are harming Plaintiff's ability to obtain disclosure through discovery and present its case on the merits. Therefore, the Defendants should be sanctioned, in addition to the automatic penalties already instituted by the Federal Rules.

    I.      STATEMENT OF FACTS

The relevant facts are set forth in the accompanying Declaration of Robert M. Haroun in Support of Plaintiff's Motion To Compel Disclosures and For Sanctions ("Declaration of Robert M. Haroun"). This recitation summarizes the pertinent details.

This substance of the present action is that Defendants imported and sold tissue paper products (the "Accused Products") bearing designs that were copied from Plaintiff's original designs under registered copyrights. (Declaration of Robert M. Haroun, Par. 3-4)

On or about July 9, 2007, Glitterwrap informed Defendants by a cease and desist letter of Defendants' infringement of Glitterwrap's Designs. Defendants responded with a phone call, and eventually with a letter and chart purporting to show certain imports of the Accused Products, and a promise that Defendants had stopped importing the Accused Products. (Declaration of Robert M. Haroun, Par. 5-6)

To conclude the matter with a settlement, Plaintiff requested from Defendants' counsel certain documents to confirm Defendants' purchases and sales of the Accused Products, including bills of lading and import documents. Defendants, unfortunately, stopped responding to the Plaintiff. (Declaration of Robert M. Haroun, Par. 7-8)

Plaintiff then served the Complaint in this action on the Defendants on October 10, 2007. (Declaration of Robert M. Haroun, Par. 9)

In November 2007, the Defendants promised to deliver Defendants' sales and import documents to Plaintiff, to establish Defendants' net profits on the Accused Products. However, as of January 2007, Plaintiff had not received from Defendants any of the documents promised by the Defendants. (Declaration of Robert M. Haroun, Par. 10-11)

Since the Defendants were not providing documentary evidence of their purchases and sales of the Accused Products (despite their promises to the contrary), Plaintiff sought to initiate discovery by holding a Rule 26(f) conference with Defendants. (Declaration of Robert M. Haroun, Par. 12-30)

Unfortunately, Defendants' stalling tactics had only just begun.

Between January and March 2008, Plaintiff's counsel made at least fifteen (15) separate attempts to engage Defendants in an FRCP Rule 26(f) conference, through phone calls and letters. Each attempt was met with a failure to respond, a flat out refusal, or an excuse. Plaintiff sought the Court's assistance in commencing discovery, and the Court scheduled an Initial Conference on March 17, 2008. (Declaration of Robert M. Haroun, Par. 12-30)

With the Initial Conference approaching fast, counsel for Defendants finally met with Plaintiff's counsel on March 12 for an FRCP Rule 26(f) conference over the phone. (Declaration of Robert M. Haroun, Par. 30) Later in the day on March 12, Plaintiff served its Rule 26(a)(1) Initial Disclosures, First Set of Interrogatories, Requests For Admissions, First Set of Requests For Documents and Tangible Things, and Notices of Deposition onto Defendants. (Declaration of Robert M. Haroun, Par. 31 and Exhibits A through D)

As of the filing of Plaintiff's motion papers in the present motion, Defendants have not provided their Rule 26(a)(1) Initial Disclosures, and have not provided any responses or objections to Plaintiff's First Set of Interrogatories, Requests For Admissions, or First Set of Requests For Documents and Tangible Things. (Declaration of Robert M. Haroun, Par. 47)

On March 17, the parties met for the initial conference before the Court. At the conference, the parties discussed Plaintiff's outstanding discovery requests, and the Court in an effort to arrive at a settlement Ordered that the Defendants produce its import documents by March 31, 2008, and that the parties agree on a plan for production of Defendants' sales documents by March 31, or else inform the Court of a dispute. (Declaration of Robert M. Haroun, Par. 32 and Exhibit E)

As of the close of business on March 31, Defendants did not produce any of its import documents or propose a plan for production of its sales documents. Plaintiff had proposed that

Defendants produce all of Defendants' sales documents. (Declaration of Robert M. Haroun, Par. 33)

On April 1, Mr. Klingon called Plaintiff's counsel and said that he had the flu over the weekend, and that he would provide the import documents by "later in the afternoon." or by the early morning of April 2. As of noon on April 3, Defendants still had not provided any of its sales or import documents. (Declaration of Robert M. Haroun, Par. 34-35)

On April 3, Plaintiff filed a Motion for Contempt and Sanctions in this Court. Within two hours of Plaintiff's filing of the motion on ECF, Defendants sent a partial set of purported import documents to Plaintiff.[1] On April 4, Defendants provided Plaintiff with an additional import document and certain unlabeled charts that Defendants have claimed list Defendants' relevant sales of the Accused Products. (Declaration of Robert M. Haroun, Par. 36-37)

Defendants' purported import documents show imports of 131,136 units of the Accused Products. Defendants' purported sales figures show 93,912 units sold. Defendants have not provided any documents (such as an inventory report) that would explain this 30% discrepancy. Also, as of the filing of the present Motion, Defendants have not provided to Plaintiff any of Defendants' sales invoices or other sales documents kept in the ordinary course of business. (Declaration of Robert M. Haroun, Par. 38-40)

As of the close of business on April 9, Defendants had not filed a response to Plaintiff's Motion for Contempt and Sanctions. On April 10, Plaintiff's counsel spoke with Defendants' counsel over the phone and agreed to hold Plaintiff's Motion for Contempt in Sanctions in abeyance, temporarily, while Defendants provided further information on Defendants' imports. The parties agreed that, upon notice from Plaintiff, Defendants would be required to file a Response to Plaintiff's Motion within four business days, and that Plaintiff would then have four

---

[1] Defendants' counsel's offices are less than a 10 minute walk from Plaintiffs Counsel's offices

business days to serve a Reply to Defendants' Response. (Declaration of Robert M. Haroun, Par. 41-42)

As of the April 11 deadline for its discovery responses, Defendants did not serve any responses to Plaintiff's interrogatories, document requests, or requests for admissions, and Defendants did not serve Rule 26(a)(1) initial disclosures. On April 16, several days after the deadline to respond to Plaintiff's discovery requests, Defendants' counsel called Plaintiff's counsel to request a two-week extension for Defendants' time to respond. Plaintiff refused any such extensions, as Defendants were already in default, and Defendants' credibility had already been called into doubt again and again. (Declaration of Robert M. Haroun, Par. 44-45)

In seeking a good faith resolution of this matter at minimal legal cost to the parties, Plaintiff proposed a settlement based upon the sales of 131,136 units of Accused Products, and that any damages would include also the sales by Defendants' customers of the Accused Products, such a settlement eliminating the need for further discovery. Defendants refused Plaintiff's offer to discuss such a settlement. As of the time of the filing of the present motion, Defendants have still made no settlement offer to Plaintiff. (Declaration of Robert M. Haroun, Par. 46)

As of the time of filing of this motion, Defendants have still not served any responses to Plaintiff's interrogatories, document requests, or requests for admissions, and Defendants have not served Rule 26(a)(1) initial disclosures. (Declaration of Robert M. Haroun, Par. 47)

As per Plaintiff's Notice of Depositions, served on March 12, 2008, Plaintiff's depositions are scheduled for May 5 and May 7, less than two weeks away from the filing of the motion papers for the present Motion. (Declaration of Robert M. Haroun, Par. 48 and Exhibit D)

At the present time, the Defendants' refusal to meet discovery deadlines has jeopardized the short discovery schedule set forth by the Court (see Declaration of Robert M. Haroun, Exhibit E). Plaintiff's depositions by oral examination are scheduled to begin in less than two weeks, but because of Defendants' failure to make the necessary disclosures, Plaintiff will not have the information necessary to conduct the depositions. With discovery ending in June, Defendants' stalling tactics are harming Plaintiff's ability to obtain disclosure through discovery and present this case on the merits in the event a second round of depositions or further paper discovery is needed. As well. Plaintiffs are already predjuced in that Glitterwrap will not be able to serve third party subpoenas as the names of all third parties have not yet been produced. Therefore, the Defendants should be sanctioned, in addition to the automatic penalties already instituted by the Federal Rules.

## II.  LEGAL STANDARD AND ARGUMENT

### a. Defendants are subject to automatic sanctions for failure to make initial disclosures, under F.R.C.P. Rule 37(c)(1)

The parties held an F.R.C.P. Rule 26(f) conference on March 12, making initial disclosures due on March 28 at the latest, under F.R.C.P. Rule 26(a)(1). Defendants have not served initial disclosures as of the date of this motion.

The Federal Rules impose **_mandatory sanctions_** for a party's failure to make initial disclosures in discovery, including specifically, **_evidence preclusion_**. Rules 26(a)(1) and 37(c)(1) govern a party's duty to respond to discovery requests. Under Federal Rules of Civil Procedure, Rule 37(c)(1),

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) … is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

To explain the Rule, the Advisory Committee on Rules, stated that "The revision provides a **_self-executing_** sanction for failure to make a disclosure required by Rule 26(a), **_without need for a motion_** under subdivision (a)(2)(A) [emphasis added]." Adv. Comm. Notes on 1993 Amendments to F.R.C.P. 37(c). That the penalty is harsh is deliberate. "This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." Id; see also *Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cit. 2001); *NutraSweet co. v. X-L Engineering Co.*, 227 F.3d 776, 785-786 (7th Cir. 2000); *Wright v. Aargo Security Services, Inc.*, 2001 U.S. Dist. LEXIS 13891 (S.D.N.Y. 2001).

The Defendants' failure to make initial disclosures is not in any way justifiable, but rather is just one part of Defendants' pattern of refusal to participate in the present dispute over Plaintiff's copyrights. Since July, Defendants have done virtually nothing in this matter other than to suggest that Plaintiff should not pursue the matter further, despite Defendants' clear

infringement of Plaintiff's legitimate rights, and the harm suffered to Plaintiff by Defendants' illegitimate competition. Because of Defendants' failure to make initial disclosures, Plaintiff does not have sufficient information to obtain the disclosure that Plaintiff needs to present its case on the merits at trial.

Even now, at the time of filing of the present motion, Defendants have not even disclosed to Plaintiff whether Defendants have any insurance agreements that would apply to a judgment in this action, persons expected to testify with regards to Defendants defenses or category of documents that they expect to rely on given Defendants defenses in their Answer.

Therefore, Defendants are subject to the automatic sanctions imposed by Rule 37(c)(1), and Defendants may not present any witnesses or information at trial. In light of the approaching end of discovery on June 31, 2008, Plaintiff respectfully requests an Order that Defendants have lost their opportunity to present any witnesses or further information in their defense.

### b. Automatic admissions from failure to respond

Plaintiff served its Requests for Admissions on March 12 (Declaration of Robert M. Haroun, Exhibit A), and Defendants have not served any objections, as of the date of this motion.

Under Rule 36(a) of the Federal Rules of Civil Procedure, when a party fails to timely respond to Requests for Admissions, the result is that the party has automatically admitted the matters requested. See *O'Bryant v. Allstate Ins. Co.* 107 F.R.D. 45 (D. Ct. 1985); *Federal Trade Comm. V. Medicor LLC*, 217 F.Supp.2d 1048, 1053 (Cd. Ca. 2002).

By automatic, it is meant that a motion is not necessary to establish the admissions. Rather, the rule is self-executing, and the admissions have already been made. F.R.C.P. Rule

9

36(a). The rule on failure to respond to Requests for Admissions is also harsh. "The failure to respond to admissions can effectively deprive a party of the opportunity to contest the merits of the case. *In re Carney*, 258 F.3d 415, 421 (5th Cir. 2001).

> Under F.R.C.P. Rule 36(a),
>
> Each matter of which an admission is requested shall be separately set forth. ***The matter is admitted*** unless, within 30 days after service of the request, or within such shorter or longer time as he court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. [emphasis added]

Since Defendants did not object within the 30 days after service on March 12, 2008, to any of the admissions, under Rule 36(a), Defendants have already admitted all of the admissions set forth in Plaintiff's Requests for Admissions.

F.R.C.P. Rule 36(b) adds that, "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."

Based upon Defendants' failure to object to any of Plaintiff's requested Admissions, and under Rule 36, Defendants have already admitted every admission listed in Plaintiff's Requests for Admissions, and Defendants may not withdraw or amend their admissions without making a motion.

    c. **Objections to Interrogatories waived**

Plaintiff served its First Set of Interrogatories on March 12 (Declaration of Robert M. Haroun, Exhibit B), and Defendants have not served any responses or objections as of the date of this motion.

Under Rule 33(b)(4) of the Federal Rules of Civil Procedure, a party's failure to timely respond to interrogatories constitutes a waiver of any objections thereto.  See *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981); *Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 497 (D. Ks. 1998).  The waiver includes objections based on privilege.  *Starlight Int'l*, at 498.

Each of Plaintiff's interrogatories is relevant to determining the identities of the parties and witnesses to the acts of copyright infringement alleged, and the existence of documents evidencing the copyright infringement and/or damages / net profits based upon the acts of copyright infringement alleged.  See Declaration of Robert M. Haroun, Exhibit A.  Plaintiff has propounded a total of twelve (12) interrogatories, asking for such information as for Defendants to:

- "Identify the persons most knowledgeable about the sales and marketing of the Accused Products." (Declaration of Robert M. Haroun, Exhibit A, Interrogatory No. 2)

- "State the total gross sales of the Accused Products." (Declaration of Robert M. Haroun, Exhibit A, Interrogatory No. 6)

- "Identify the names of all importers, customs brokers, freight forwarders, and shipping companies used to import Accused Products into the United States." (Declaration of Robert M. Haroun, Exhibit A, Interrogatory No. 2)

Plaintiff is entitled to formal responses to each of these, and the rest of the Interrogatories propounded, all of which are clearly relevant to the present action.  Defendants have left Plaintiff without opportunity for gaining such disclosures, and Plaintiff's therefore now seek the Court's assistance in concluding this matter.

Because Defendants have failed to timely respond to Plaintiff's Interrogatories, Plaintiff respectfully requests an Order compelling Plaintiff to respond to all of Plaintiff's Interrogatories, without objection.

### d. Sanctions for complete failure to respond to interrogatories or document requests

Plaintiff served its First Set of Interrogatories and First Set of Requests for Documents and Tangible Things (Declaration of Robert M. Haroun, Exhibit C) on March 12, and Defendants have not serve any responses or objections as of the date of this motion.

Under Rule 37(d) of the Federal Rules of Civil Procedure, a party who fails to respond to all interrogatories or a request for inspection is subject to sanctions even in the absence of a prior Order. *Hilao v. Estate of Marcos*, 103 F.3d 762, 764-765 (9th Cir. 1996). Under Rule 37(d), based upon such failure to respond, the court may order any of the sanctions specified under Rule 37 (b)(2), including "An order striking out pleadings or parts thereof," and payment of the other party's reasonable attorneys fees and costs based upon such failure.

Plaintiff has propounded such document requests as:

- "All documents related to the design or development of each of the Accused Products." (Declaration of Robert M. Haroun, Exhibit C, Request No. 3)

- "All documents related to the sales of the Accused Products by Defendants, from September 8, 2002 through the present, including but not limited to sales reports, sales invoices, and gross profit reports." (Declaration of Robert M. Haroun, Exhibit C, Request No. 9)

- "Documents evidencing the identity of each customer who purchased an Accused Product from Defendants" (Declaration of Robert M. Haroun, Exhibit C, Request No. 14)

These and other document requests have not been responded to, even though disclosures sought are clearly relevant to Plaintiff's claims, assessment of damages, and discovery of witnesses.

Defendants have deliberately stopped Plaintiff from discovering the information that Plaintiff needs to conclude the present dispute, using stalling tactics, and a complete disregard for mandatory deadlines. Defendants' total failure to respond to any of Plaintiff's discovery requests, or otherwise work towards an efficient discovery process that would facilitate trial or settlement has caused an unnecessary burden on the Plaintiff, and has hurt Plaintiff's ability to present the case on the merits, especially since Plaintiff is now unable to prepare for its depositions scheduled on May 5 and 7 (Declaration of Robert M. Haroun, Exhibit D) and discovery ends on June 30.

Therefore, the Court should sanction the Defendants pursuant to F.R.C.P. Rule 37, including by striking Defendants' defenses.

### III.    CONCLUSION

Based upon Defendants' refusal to meet discovery deadlines or otherwise cooperate with Plaintiff in resolving this matter, and based upon the approaching end of the discovery period, Plaintiff has been prejudiced in its ability to present its case on the merits, because Plaintiff has not received the disclosures to which it is entitled.

Therefore, the Defendants should be sanctioned, in addition to the automatic penalties already instituted by the Federal Rules.

In accordance with Rule 37, Plaintiff respectfully requests that the Court Order sanctions in the forms of:

1) An award to Plaintiff of its attorneys' fees and costs, and any further and additional awards that the Court deems just and fair for this motion; and

2) An Order that:

   a. Defendants' defenses be stricken, pursuant to Rule 37(b)(2)(C); and

   b. Defendants not be allowed to oppose Plaintiff's claims, pursuant to Rule 37(b)(2)(B);

3) Or else an Order:

   a. compelling Defendants to respond to all of Plaintiff's Interrogatories without objection within 14 days;

   b. compelling Defendants to respond and produce documents responsive to all of Plaintiff's Requests For Documents and Tangible Things, without objection within 14 days;

   c. compelling each Defendant to appear for a Rule 30(b)(6) deposition on shortly after production of all documents (Nygala Corp.) (Shenny Enterprises, Inc.); and

   d. compelling Defendants to make their Rule 26(a)(1) Initial Disclosures.

Dated: New York, NY
       April 23, 2008

PLAINTIFF GLITTERWRAP, INC.

By: _____
Robert M. Haroun (RH 5646)
Joseph Sofer (JS 3265)
Sofer & Haroun, LLP
*Attorneys for Plaintiff*
317 Madison Avenue, Suite 910
New York, NY 10017
Tel: 212-697-2800
Fax: 212-697-3004
E-mail: rharoun2000@yahoo.com