# Exhibit B

Case 1:07-cv-07992-BSJ-JCF   Document 14-3   Filed 04/24/2008   Page 1 of 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GLITTERWRAP, INC.                                : Civ. No. 07 CV 7992
                                                 :
            Plaintiff,                           : **PLAINTIFF'S FIRST SET**
                                                 : **OF REQUESTS FOR**
    v.                                           : **ADMISSIONS**
                                                 :
NYGALA CORP.,                                    :
SHENNY ENTERPRISES, INC., and John               :
Does Nos. 1-50                                   : Judge Barbara S. Jones
                                                 :
            Defendants.                          :
----------------------------------------------------------X

Plaintiff Glitterwrap, Inc. ("Plaintiff," "Glitterwrap," or "Proponent"), by and through its attorneys, Sofer & Haroun, LLP, hereby directs the following requests for admission to each of the Defendants in this matter ("Defendants" or "Respondents"), for response in accordance with the governing rules.

## INSTRUCTIONS

Each request for production shall be answered in accordance with the Federal Rules of Civil Procedure and shall be continuing to the extent permitted under Rule 26(e). Unless otherwise indicated, the documents sought include all documents, wherever located, dated, prepared, sent, or received, within the relevant time frame.

3. If Respondent contends that any information sought in these requests for production is exempt from discovery because (i) it falls within the attorney-client

privilege, (ii) it was prepared in anticipation of litigation or in preparation for trial, or (iii) it is exempted by any other privilege or protection, Dollar Tree is to provide the following information in each such instance, in lieu of producing such documents:

    a.    the privilege or protection that Dollar Tree contends applies;

    b.    every fact upon which Dollar Tree relies in support of its contention that the privilege or protection applies;

    c.    the form in which the information is contained *(e.g.,* document, recollection of an employee, *etc.);*

    d.    if the information is contained in a document, the author, addressee(s), all recipients, subject matter, and date of the document; if the information is not contained in a document, the persons involved in and the date of the communication giving rise to the privilege or protection that Dollar Tree claims.

4.    If any document is no longer in existence or is no longer in Dollar Tree's possession, custody, or control, please set forth a description of each such document by date, author(s), addressee(s), and general subject matter, and state what disposition was made of the document, the reasons for such disposition, and the date of such disposition.

5.    Unless otherwise specified in the document request, the relevant time frame for these requests is from the time any one of the Asserted Intellectual Property was first conceived through the date by which a response is required pursuant to the

governing rules.

6. All things produced should be delivered to Sofer & Haroun, LLP at 317 Madison Avenue, Suite 910, New York, NY 10017.

## GENERAL DEFINITIONS

The following definitions apply to Proponent's interrogatories to supplement and expand upon applicable definitions as may be provided by federal and local rules.

(1) **Accused Products**. The term "Accused Products" shall mean the following of Defendants' products:

   a. NH-TSBB01L Birthday Blocks (See Exhibit 4 to the Complaint)
   b. NH-TSBB01 Birthday Blocks (See Exhibit 4 to the Complaint)
   c. NH-TSBB01 Pastel Streamers (See Exhibit 5 to the Complaint)
   d. NH-TSBB01

(2) **Action**. The term "Action" shall mean Civil Action No. 07 CV 7992 pending in the United States District Court for the Southern District of New York.

(3) **Communication**. The term "communication" means the transmittal of information.

(4) **Document**. The term "document" is defined to be synonymous in meaning and maximum in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, including but not limited to writings, information on data electronically or photographically stored, computerized data, photographs, drawings, blueprints, tabulations, graphic representations, pictures, and computer files whether on hard drives, floppy drives, tape drives, CD-ROM, DVD-ROM, flash drives, or any other storage mechanism or medium.

(5) **Person**. The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

(6) **Identify**. The term "identify, when used in connection with an individual and/or an entity, means to state, in connection with the individual and/or entity:

   a. The full name;
   b. The last known primary address;
   c. The New York State address, if any.
   d. The telephone number and fax number;
   e. If an entity, the type of entity, the jurisdiction of formation/organization, and the jurisdictions in which it is registered to do business;
   f. If an entity, the names of the principal owners, partners, members, directors, and/or shareholders.
   g. If an entity, state the exact business it engages in.
   h. If an entity, state the annual sales volume.
   i. The relationship with Nygala Corp.
   j. The relationship with Shenny Enterprises, Inc.

When used in connection with documents, "identify" means to provide to Proponent's counsel a copy of each document with a unique identifying number (i.e. Bates number) on each page, and to state:

   a. The date of the document;
   b. The document's identifying numbers (i.e. Bates numbers);
   c. The form of the document (e.g. e-mail, agreement, note, etc.);
   d. The names of the persons who drafted the document;
   e. The names of the persons and/or entities who signed the document;
   f. The names of the recipients of the document.

(7) **Parties**. "Glitterwrap" shall mean plaintiff Glitterwrap, Inc. "Nygala" shall mean defendant Nygala Corp. "Shenny" shall mean defendant Shenny Enterprises, Inc. "Defendants" shall mean Nygala and Shenny, individually or collectively.

## REQUESTS TO ADMIT:

1. Admit that Nygala has an address at 698 Route 46 West, Teterboro, NJ 07608.

2. Admit that Shenny has an address at 698 Route 46 West, Teterboro, NJ 07608.

3. Admit that Flomo USA is not a legal entity.

4. Admit that Flomo USA does not have any assets in the United States.

5. Admit that Flomo USA is used as a trade name.

6. Admit that Flomo USA is used only as a trade name.

7. Admit that Defendants purchased Accused Products from an entity that also manufactures product for Plaintiff.

8. Admit that Defendants acquired the Accused Products from Flomo Plastics Industrial Co. Ltd.

9. Admit that Defendants purchased the Accused Products after May 26, 2004.

10. Admit that Defendants purchased the Accused Products after January 1, 2003.

11. Admit that Defendant Nygala sold one or more of the Accused Products.

12. Admit that Defendant Shenny sold one or more of the Accused Products.

13. Admit that Defendants had manufactured the Accused Products.

14. Admit that Defendants publicly advertised the Accused Products.

15. Admit that Defendants displayed the Accused Products on a public website.

16. Admit that Defendants displayed the Accused Products at one or more trade shows.

17. Admit that Defendants sold the Accused Products to retailers.

18. Admit that Defendants have not searched the records of the U.S. Copyright Office and not verified that Glitterwrap is listed as the owner of the following U.S. Copyright Registration numbers:

    a. VA 1-266-204; and
    b. VA 1-318-190.

19. Admit that Nygala is the owner of the website at www.flomousa.com.

20. Admit that Shenny is the owner of the website at www.flomousa.com.

21. Admit that Shenny is a subsidiary of Nygala.

22. Admit that Nygala is a subsidiary of Shenny.

23. Admit that Shenny and Nygala are joint partners.

24. Admit that Defendants' gross sales of the accused products is in excess of $17,000.

25. Admit that Defendants' gross sales of the accused products is in excess of $20,000.

26. Admit that Defendants' gross sales of the accused products is in excess of $25,000.

27. Admit that Defendants' gross sales of the accused products is in excess of $30,000.

28. Admit that Defendants' gross sales of the accused products is in excess of $40,000.

29. Admit that as of February 13, 2008, Defendants are not displaying the Accused Products on www.flomousa.com.

30. Admit that Nygala is the owner of the domain name www.flomousa.com.

31. Admit that Shenny is the owner of the domain name www.flomousa.com.

32. Admit that Defendants purchased the Accused Products from Max Fortune.

33. Admit that Defendants purchased more than 55,000 units of Accused Products.

34. Admit that Defendants purchased more than 60,000 units of Accused Products.

35. Admit that Defendants purchased more than 65,000 units of Accused Products.

36. Admit that Defendants purchased more than 70,000 units of Accused Products.

37. Admit that Defendants purchased the Accused Products for more than $0.14 each.

38. Admit that Defendants purchased the Accused Products for less than $0.21 each.

39. Admit that Defendants continued to sell Accused Products after receiving Plaintiff's cease and desist letter of July 9, 2007.

40. Admit that Defendants continued to sell Accused Products after receiving the Complaint in this action.

Dated: New York, NY
      March 12, 2008

GLITTERWRAP, INC.

By: _____
Robert M. Haroun, Esq.
Joseph Sofer, Esq.
Sofer & Haroun, LLP
*Attorneys for Plaintiff*
*Glitterwrap, Inc.*
317 Madison Avenue, Suite 910
New York, NY 10017
Tel: 212-697-2800

To:

Tab Rosenfeld, Esq.
Robert M. Klingon, Esq.
Rosenfeld & Kaplan, LLP
*Attorneys for Defendants Nygala Corp.*
*and Shenny Enterprises, Inc.*
535 Fifth Avenue, Suite 1006
New York, New York 10017
Tel: 212-683-1400