# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GLITTERWRAP, INC.                                        :    Civ. No. 07 CV 7992
                                                         :
        Plaintiff,                                     :    **PLAINTIFF'S FIRST SET**
                                                         :    **OF REQUESTS FOR**
v.                                                       :    **DOCUMENTS AND**
                                                         :    **TANGIBLE THINGS**
NYGALA CORP.,                                            :
SHENNY ENTERPRISES, INC., and John                       :
Does Nos. 1-50                                           :    Judge Barbara S. Jones
                                                         :
        Defendants.                                    :
------------------------------------------------------------X

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the local rules of the Southern District of New York, Plaintiff Glitterwrap, Inc. ("Glitterwrap" or "Plaintiff" or "Proponent"), by and through its attorneys, Sofer & Haroun, LLP, hereby propounds the below requests for documents and tangible things ("Requests") for inspection and copying, to each Defendant in this matter ("Defendant" or "Respondent"), which should be responded to in accordance with the below instructions and definitions.

## INSTRUCTIONS

Each Respondent shall produce all of the documents and things designated herein which are in their possession, custody, or control, to the offices of Sofer & Haroun, LLP, at 317 Madison Avenue, Suite 910, New York, NY 10017, for inspection and copying, within thirty (30) days after the service hereof. The responses shall state with respect to each category of documents or things (1) that Respondent will produce the documents as

requested, (2) that the Respondent objects to all or a portion of the request, (3) that the Respondent claims a privilege with respect to the documents or things requested, or (4) that the requested documents and/or things do not exist.

If a request is objected to, the objections and underlying reasons for such objections should be stated with specificity, and Respondent should provide documents and things to the extent the request is not objected to.

If any document or thing, or portion thereof, that falls within the scope of a request is withheld from inspection or production, for any reason, the document or portion thereof shall be identified and the reasons for withholding such documents or portion thereof shall be stated.

In the case of any documents or tangible things being withheld by Respondent based upon a valid privilege, Respondent must keep a privilege log of each such document or thing including:

i.  a brief description of the nature and subject matter;

ii. the date the document or tangible thing was generated or provided; and

iii. the name and title of the individual(s) who generated or provided the document or thing.

A copy of such privilege log should be provided to Plaintiff when Defendants' discovery responses are due.

Where a response to a request for communications or documents includes e-mail communications, Respondent shall respond by providing the results of e-mail searches. Respondent should also provide to Plaintiff a detailed description of each such search

performed, and refer to Bates numbers where the results of such search appear in Respondent's documents.

The Federal Rules require that Respondent serve a written response to each item or category that inspection and related activities will be permitted as requested unless the request is.

## GENERAL DEFINITIONS

The following definitions apply to Proponent's interrogatories to supplement and expand upon applicable definitions as may be provided by federal and local rules.

(1) **Accused Products**. The term "Accused Products" shall mean the following of Defendants' products:

   a. NH-TSBB01L Birthday Blocks (See Exhibit 4 to the Complaint)
   b. NH-TSBB01 Birthday Blocks (See Exhibit 4 to the Complaint)
   c. NH-TSBB01 Pastel Streamers (See Exhibit 5 to the Complaint)
   d. NH-TSBB01

(2) **Action**. The term "Action" shall mean Civil Action No. 07 CV 7992 pending in the United States District Court for the Southern District of New York.

(3) **Communication**. The term "communication" means the transmittal of information.

(4) **Document**. The term "document" is defined to be synonymous in meaning and maximum in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, including but not limited to writings, information on data electronically or photographically stored, computerized data, photographs, drawings, blueprints, tabulations, graphic representations, pictures, and computer files whether on hard drives,

floppy drives, tape drives, CD-ROM, DVD-ROM, flash drives, or any other storage mechanism or medium.

(5) **Person**. The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

(6) **Identify**. The term "identify, when used in connection with an individual and/or an entity, means to state, in connection with the individual and/or entity:

   a. The full name;
   b. The last known primary address;
   c. The New York State address, if any.
   d. The telephone number and fax number;
   e. If an entity, the type of entity, the jurisdiction of formation/organization, and the jurisdictions in which it is registered to do business;
   f. If an entity, the names of the principal owners, partners, members, directors, and/or shareholders.
   g. If an entity, state the exact business it engages in.
   h. If an entity, state the annual sales volume.
   i. The relationship with Nygala Corp.
   j. The relationship with Shenny Enterprises, Inc.

When used in connection with documents, "identify" means to provide to Proponent's counsel a copy of each document with a unique identifying number (i.e. Bates number) on each page, and to state:

   a. The date of the document;
   b. The document's identifying numbers (i.e. Bates numbers);
   c. The form of the document (e.g. e-mail, agreement, note, etc.);
   d. The names of the persons who drafted the document;
   e. The names of the persons and/or entities who signed the document;
   f. The names of the recipients of the document.

(7) **Parties**. "Glitterwrap" shall mean Plaintiff Glitterwrap, Inc. "Nygala" shall mean Defendant Nygala Corp. "Shenny" shall mean Defendant Shenny Enterprises, Inc.

## DOCUMENTS AND THINGS REQUESTED

1. All documents relating to any inquiries made by Defendants regarding the validity or infringement of any of the rights of Plaintiff asserted in this Action.

4

2. All documents relating to any analysis, study, determination, or opinion regarding the infringement or possible infringement of any of Plaintiff's copyrights by any of the Accused Products.

3. All documents related to the design or development of each of the Accused Products.

4. All documents related to the design or development of any promotional materials used in marketing any Accused Products.

5. All documents that have been reviewed in connection with the preparation of any responses to any of the interrogatories served concurrently herewith.

6. All documents which relate or refer to accused products offered for sale by Defendants since September 8, 2002.

7. All e-mail, letter, and fax communications that refer to Glitterwrap's products referred to in Paragraphs 15-16 of the Complaint.

8. All e-mail, letter, and fax communications that refer to Glitterwrap's copyrights referred to in Paragraphs 18-21 of the Complaint.

9. All documents relating to sales of the accused products by Defendants, from September 8, 2002 through the present, including but not limited to sales reports, sales invoices, and gross profit reports.

10. All documents relating to the placing of orders, cancellation of orders, and/or shipments relating to the Accused Products, since September 8, 2002.

11. All documents relating to acquisitions and/or purchases of the Accused Products by Defendants, from September 8, 2002 through the present, including purchase orders and order reports.

12. All documents indicating imports of the Accused Products from September 8, 2002 through the present, including bills of lading, packing documents, and all documents presented to the United States Customs Service and/or the U.S. Department of Homeland Security, relating to any Accused Products.

13. All documents relating to the pricing or prices quoted by Defendants in connection with the sale, promotion, or marketing of any Accused Product since September 8, 2002.

14. Documents evidencing the identity of each customer who purchased an Accused Product from Defendants.

15. Representative samples of the Accused Products.

16. Representative samples of each style of packaging and labeling used for the Accused Products since September 8, 2002.

17. All website pages that display or refer to the Accused Products.

18. All documents relating to any indemnity requested or given by or to Defendants relating to this Action and/or to the Accused Products.

19. All documents relating to any letters of credit or other financing or business arrangements relating to the acquisition of any of the Accused Products.

20. All advertising, promotional materials, sell sheets, and catalogs that display, refer, or relate to Accused Products, since September 8, 2002.

21. All documents relating to or referring to research of Plaintiff or any of Plaintiff's products.

22. All documents that include or refer to projections of sales of the Accused Products.

23. All documents, samples, and exhibits that Defendants intend to use at trial.

24. All documents reviewed by any witness who will appear at any deposition or court proceeding, in connection with the Action.

25. One copy of each photograph, drawing, and illustration pertaining to any of the Accused Products.

26. All documents that concern Defendants' First Affirmative Defense.

27. All documents that concern Defendants' Second Affirmative Defense.

28. All documents that concern Defendants' Third Affirmative Defense.

29. All documents that concern Defendants' Fourth Affirmative Defense.

30. All documents that concern Defendants' Fifth and Eighth Affirmative Defense.

31. All documents that concern Defendants' Sixth Affirmative Defense.

32. All documents that concern Defendants' Seventh Affirmative Defense.

33. All documents that concern Defendants' Ninth Affirmative Defense.

34. All documents that concern Defendants' Tenth Affirmative Defense.

35. All documents that concern Defendants' Eleventh Affirmative Defense.

Dated: New York, NY
March 12, 2008

GLITTERWRAP, INC.

By: _____
Robert M. Haroun, Esq.
Joseph Sofer, Esq.
Sofer & Haroun, LLP
*Attorneys for Plaintiff
Glitterwrap, Inc.*
317 Madison Avenue, Suite 910
New York, NY 10017
Tel: 212-697-2800

To:

Tab Rosenfeld, Esq.
Robert M. Klingon, Esq.
Rosenfeld & Kaplan, LLP
*Attorneys for Defendants Nygala Corp.
and Shenny Enterprises, Inc.*
535 Fifth Avenue, Suite 1006
New York, New York 10017
Tel: 212-683-1400