UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GLITTERWRAP, INC.
                Plaintiff,                  :               Civil Action No. 07-CV-7992
       v.                                   :               Judge Barbara Jones

NYGALA CORP.,                        :               **CONSENT JUDGMENT**
SHENNY ENTERPRISES, INC., and John   :               **STIPULATION AND ORDER**
Does Nos. 1-50
                Defendants.
-------------------------------------------------------------X

        IT IS HEREBY STIPULATED AND ORDERED, to resolve this action between Plaintiff, Glitterwrap, Inc. ("Glitterwrap") and Defendants Nygala Corp. ("Nygala") and Shenny Enterprises, Inc. ("Shenny") (collectively called "Defendants").

        WHEREAS, Glitterwrap was acquired by International Greetings USA, Inc. in a transaction in 2007, and it is the intention of the parties hereto to bind and make a party hereto International Greetings USA, Inc and Glitterwrap, Inc. together. (collectively the "Plaintiff");

        WHEREAS, Glitterwrap claims copyrights in the Birthday Blocks and Pastel Streamers designs the "Contested Designs"), samples of which are displayed in Exhibit 1 hereto;

        WHEREAS, Glitterwrap filed a complaint (the "Complaint") in the above-captioned Civil Action No. 07-CV-7992, pending in the United States District Court for the Southern District of New York, alleging that the Defendants infringed copyrights in the Contested Designs;

        WHEREAS, Defendants imported and sold festive tissue paper that contained the Contested Designs (the "Accused Products") (see Exhibit 2 for sample images of the Accused Products);

        WHEREAS, Defendants have denied the material allegations included in the Complaint, including those of copyright infringement; and

        WHEREAS, the Plaintiff and the Defendants wish to settle this action without any admissions

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/30/08

or findings of wrongdoing on any party's part;

Now, therefore, the Plaintiff and the Defendants stipulate and consent, and IT IS HEREBY ORDERED, as follows:

1. Defendants shall immediately and permanently cease the import, copying, distribution, public display, advertising, and sale of products bearing the Contested Designs, including but not limited to the Accused Products.

2. Defendants agree to pay $20,000 USD to Plaintiff in full and final satisfaction of Plaintiff's claims arising out of the subject matter of the Complaint and this Civil Action, which only includes the Birthday Blocks and Pastel Streamers designs, within seven (7) business days of entry of this Consent Judgment Stipulation and Order ("Consent Judgment") by the Court. Such payment shall be made by a certified check from Defendants made out to "Sofer & Haroun, LLP Trust Account."

3. Defendants warrant and represent that:

    a. Defendants imported approximately 65,568 units of the Accused Products into the United States;

    b. Defendants and/or Defendants' associated entities sold approximately 61,000 units of the Accused Products in the United States;

    c. Approximately 3,800 to 4,000 units of the Accused Products are presently in Defendants' inventory ("Remaining Inventory");

    d. Defendants gave away approximately 300 units of Accused Products as free samples; and

    e. Defendants' associated entities are not Defendants' retail customers.

4. Each of Plaintiff and the Defendants warrant and represent that they has the authority to

2

enter into this Consent Judgment and bind their respective successors, assigns, affiliates, subsidiaries, parents, officers, directors, employees, agents, shareholders and representatives to the terms of this Consent Judgment..

5. Within thirty (30) days of the entry of this Consent Judgment, Defendants shall destroy the Remaining Inventory, and execute and deliver to Plaintiff's counsel an affidavit stating that all of the Remaining Inventory has been destroyed by Defendants, and the manner of such destruction.

6. In consideration of the above, Plaintiff agrees to withdraw the Complaint, with prejudice. If Defendants violate this Consent Judgment, Plaintiff may seek immediate enforcement of this Consent Judgment.

7. In any proceeding arising out of violation of this Consent Judgment, the prevailing party shall be entitled to its attorneys' fees and costs. This Court shall retain jurisdiction over this matter with respect to enforcing this Consent Judgment.

8. This Consent Judgment does not constitute, and shall not be construed as, an admission by Defendants that the subject copyrights have been infringed or are valid.

9. Except to enforce this Consent Judgment, and subject to the terms of this Consent Judgment and the obligations created hereunder, and without limiting or compromising any of the foregoing, Plaintiff, for itself and its successors, assigns, affiliates, subsidiaries, parents, shareholders, and each of its and their present and former officers, directors, employees, agents, and representatives (the "Plaintiff Releasors"), hereby irrevocably and unconditionally forever release and discharge the Defendants, and each of their respective successors, assigns, affiliates, associates, subsidiaries, parents, shareholders, and each of Defendants' present and former officers, directors, employees, agents, and representatives

    (the "Defendant Releasees") from any and all claims and counterclaims the Plaintiff Releasor may have against Defendant Releasees, arising out of the subject matter of the Complaint and this Civil Action, which only includes the Birthday Blocks and Pastel Streamers designs, prior to and including the date of full execution of this Consent Judgment. However, nothing in this Consent Judgment shall constitute a release of Defendants' retail customers that purchased any Accused Products from Defendants, at any time.

10. Except to enforce this Consent Judgment, and subject to the terms of this Consent Judgment and the obligations created hereunder, and without limiting or compromising any of the foregoing, Defendants, for themselves and each of their successors, assigns, affiliates, subsidiaries, parents, shareholders and each of its and their present and former officers, directors, employees, agents, and representatives (the "Defendant Releasors"), hereby irrevocably and unconditionally forever release and discharge Plaintiff, and each its successors, assigns, affiliates, subsidiaries, parents, shareholders and each of Plaintiff's present and former officers, directors, employees, agents, and representatives (the "Plaintiff Releasees") from any and all claims and counterclaims the Defendant Releasor may have against Plaintiff Releasees, arising out of the subject matter of the Complaint and this Civil Action, prior to and including the date of full execution of this Consent Judgment.

11. Each party hereto represents and warrants that the individual signing this Consent Judgment on its behalf has all requisite power and authority to bind such party to the Consent Judgment.

12. This Consent Judgment shall be binding upon, and shall inure to the benefit of, the parents, successors, and assigns of each of the parties.

13. Pursuant to this Consent Judgment, the Court hereby dismisses with prejudice the above-captioned Civil Action No. 07-CV-7992, without costs.

AGREED AND ACCEPTED,

PLAINTIFF GLITTERWRAP, INC.

By: _____
    Alfred Scott, President

Date: 7-14-08

INTERNATIONAL GREETINGS USA, INC.

By: _____
    Chris Tapp, President
Date: _____

DEFENDANT NYGALA CORP.

By: _____
    Wendy Shen
Printed Name, Title President
Date: June 17, 2008

SO ORDERED,

_____
United States District Judge

5

06/23/2008 18:42   2126821108           ROSENFELD AND KAPLAN                 PAGE 07/16
    06/12/2008 17:13   212-697-3004      SOFER HAROUN LLP                    PAGE 06

13. Pursuant to this Consent Judgment, the Court hereby dismisses with prejudice the above-captioned Civil Action No. 07-CV-7992, without costs.

AGREED AND ACCEPTED,

PLAINTIFF GLITTERWRAP, INC.

By: _____
    Alfred Scott, President

Date: _____

INTERNATIONAL GREETINGS USA, INC.

By: _____
    ~~Chris Tapp, President~~  Tim Kienc, Vice Pres Finance, IGUSA
Date: 7/18/08

DEFENDANT NYGALA CORP.

By: _____
    Wendy Shen
Printed Name, Title  President
Date: June 17, 2008

SO ORDERED,

_____
United States District Judge
7/30/08

5

# Exhibit 1



MICHAEL'S GARDEN
SE4110380    4 Sheets/Dz.

NT DAISY
.61    4 Sheets/Dz.

SE411_
4 20" x
Order S
Packed

d Paper Tissue Sheets
yle Number
t

PASTEL STREAMERS
SE4111440    4 Sheets/Dz.

BIRTHDAY BLOCKS
SE4110240    4 Sheets/Dz.

WATERCOLOR
SE4111180

SOPHISTICATED CHECKS
SE4114310    4 Sheets/Dz.

CONFETTI GLITTER
SE4113110    4 Sheets/Dz.

PLAYTIME
SE4111630

BABY ANIMAL STRIPE
SE4111290    4 Sheets/Dz.

CLOUD NINE
SE4118380    4 Sheets/Dz.

ANIMAL NAMES
SE4113290

18





# Exhibit 2













